UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAUREL McFARLAND, *et al.*,

    Plaintiff,

    v.

APP PHARMACEUTICALS, LLC, *et al.*,

    Defendants.

Case No. C10-1746RSL

ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND

## I. INTRODUCTION

This matter comes before the Court on motions to dismiss filed by several defendants in this case. Numerous other defendants "joined" in the motions to dismiss, and because the same legal issues apply to all defendants, the Court will consider the motions as if they had been filed by all defendants. Plaintiffs, Laurel McFarland and her husband, contend that Mrs. McFarland ("plaintiff") was injured by the drug heparin, which was allegedly manufactured, sold and/or supplied by defendants.[1]

For the reasons set forth below, the Court grants defendants' motions and grants plaintiffs leave to amend.

---

[1] Because the matter can be decided based on the parties' memoranda, the complaint, and the balance of the record, plaintiffs' request for oral argument is denied.

ORDER GRANTING MOTIONS TO
DISMISS WITH LEAVE TO AMEND - 1

## II. DISCUSSION

### A. Background Facts.

On October 24, 2007, plaintiff was admitted to Overlake Hospital Medical Center with a superficial femoral artery and popliteal occlusion. During the course of her hospital stay, plaintiff was administered multiple doses of heparin over the course of approximately one week. Heparin is used to prevent the formation of clots and the extension of existing clots in the blood. Complaint at ¶ 24. After receiving the drug, plaintiff's platelet counts dropped dramatically. Id. at ¶ 32. On November 1, 2007, plaintiff was diagnosed with heparin induced thrombocytopenia ("HIT"). Id. As an alleged complication of HIT, plaintiff subsequently underwent a below the knee amputation of her right leg and required prolonged rehabilitation. Id. at ¶¶ 34, 35.

Plaintiffs filed their lawsuit before this Court on October 28, 2010. Plaintiffs assert claims for strict liability/failure to warn, strict liability/design defect, negligence, breach of express and implied warranties, and negligence. Rodney McFarland asserts a claim for loss of consortium.

Plaintiffs have asserted their claims against 18 named defendants and 75 fictitious defendants. The complaint alleges that "each" of the defendants manufactured the heparin that caused her injuries. Complaint at ¶ 36. The complaint also alleges that each of the 93 defendants "separately manufactured, marketed, distributed, wholesaled, and/or sold several forms of heparin throughout the United States, including the State of Washington, even though each Defendant was aware of the risks of a serious side-effect associated with its product known as heparin-induced thrombocytopenia ('HIT')." Id. at ¶ 25. After filing the lawsuit, plaintiff has voluntarily dismissed her claims against seven named defendants.

### B. Dismissal Standard.

Defendants have filed a 12(b)(6) motion for failure to state a claim upon which relief can be granted. The complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true. See, e.g., Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783,

ORDER GRANTING MOTIONS TO
DISMISS WITH LEAVE TO AMEND - 2

785 (9th Cir. 1992). The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted). A complaint must include enough facts to state a claim for relief that is "plausible on its face" and to "raise a right to relief above the speculative level." Id. at 555. The complaint need not include detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." Id. A claim is facially plausible when plaintiff has alleged enough factual content for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.

**C.  Analysis.**

**1.  WPLA Preemption, Failure to State a Claim.**

As plaintiff essentially concedes, all of her common law causes of action have been abrogated by statute. Washington law recognizes only a single product liability cause of action under the Washington Product Liability Act, ("WPLA"), RCW 7.72.010, which preempts common law claims based on injuries caused by allegedly harmful products. See, e.g., Crittenden v. Fibreboard Corp., 58 Wn. App. 649, 656 n.9 (1990) (stating that there is a "single product liability claim" in Washington); Washington Water Power Co. v. Graybar Elec. Co., 112 Wn.2d 847, 855 n.4 (1989) (holding that the "WPLA preempts the variety of common law causes of action for harm caused by product defects"). Because plaintiff's claims have been preempted and she failed to allege a WPLA claim, her claims should be dismissed.

Defendants contend that even if plaintiffs had pled a WPLA claim, it would be subject to dismissal as inadequately pled. The complaint alleges the doses and containers of the heparin administered to plaintiff, but does not specifically identify which, if any, of the defendants

manufactured or was otherwise responsible for the product. Complaint at ¶ 29 (contending that plaintiff "was administered doses of heparin including, but not limited to, one or more of the following products: Heparin Injection 1,000U/ml from 10 ml vials . . . ."). Plaintiff fails to allege that her injury was caused by any specific defendant's product. Instead, she alleges that all of the 93 defendants "manufactured, supplied and/or sold" all of the doses she received, and that all of those administrations caused her injury. Id. at ¶ 31. Those vague and broad allegations fail to meet the plausibility standard:

> By suing [twenty-two manufacturers], the Complaint at most alleges that the individual defendants theoretically could have been the one who manufactured the [product] used following each plaintiff's surgery. But, the Complaint never specifies that any one of the defendants, as opposed to the 21 other defendants, caused each plaintiff's claimed injury. As such, plaintiffs plead nothing more than the sheer possibility that any particular defendant might have manufactured the product that allegedly injured each plaintiff. This sort of speculative pleading is not permitted under the plain text of Rule 8.

Adams v. I-Flow Corp., 2010 U.S. Dist. LEXIS 33066 at *3 (C.D. Cal. Mar. 30, 2010); Peterson v. Breg, 2010 U.S. Dist. LEXIS 48995 at *7 (D. Ariz. April 29, 2010) (holding that it "is not permissible under the plain text of Rule 8" to merely assert that one or more of the defendants manufactured the pumps or anesthetics that allegedly caused plaintiffs' injuries); Timmons v. Linvatec Corp., 263 F.R.D. 582 (C.D. Cal. 2010). Similarly, plaintiff's claims must be dismissed as speculative for pleading nothing more than the possibility that each individual defendant, as opposed to the 92 others, may be responsible for the allegedly defective product that caused her injuries.

In the cases on which plaintiffs rely, the plaintiffs claimed that one, or at the most three, named defendants' products caused their injuries. See, e.g., Stanger v. APP Pharms., LLC, 2010 U.S. Dist. LEXIS 126876 at *7-8 (D.N.J. Nov. 30, 2010); Baker v. APP Pharms., LLC, 2010 U.S. Dist. LEXIS 126037 (D.N.J. Nov. 30, 2010). Those allegations are plausible, whereas alleging that 93 defendants all manufactured, distributed, and/or sold all of the products that caused all of plaintiff's injuries is not plausible. In addition, plaintiff's allegations are internally inconsistent. The complaint alleges that "each" of the defendants manufactured the heparin that

1 caused her injuries, Complaint at ¶¶ 36, 37, but also alleges that each of the 93 defendants
2 "separately manufactured, marketed, distributed, wholesaled, and/or sold" heparin. <u>Id.</u> at ¶ 25.
3 The inconsistencies between those allegations, which are not pled in the alternative, further
4 highlight the implausibility of plaintiff's allegations.

5 Finally, plaintiff's allegations fail to include essential elements of a claim for breach of
6 express or implied warranties. Specifically, plaintiff has not alleged that she was in privity with
7 any of the defendants. Nor has she alleged that any of the defendants made any express
8 representations to plaintiffs. Plaintiff did not respond to the arguments about the inadequacy of
9 her warranty claims and essentially concedes their deficiencies.

10 For all of those reasons, plaintiff's claims are inadequately pled and must be dismissed.
11 Because Mrs. McFarland's claims fail, Mr. McFarland's loss of consortium must also be
12 dismissed. <u>See, e.g.</u>, <u>Tillett v. City of Bremerton</u>, 2011 U.S. Dist. LEXIS 588 at *38 (W.D.
13 Wash. Jan. 3, 2011) ("Liability to the 'impaired' spouse is still an element to loss of
14 consortium.").

15 **2. Leave to Amend.**

16 Plaintiffs request leave to amend if the Court is inclined to dismiss their allegations. A
17 court should grant leave to amend "unless it determines that the pleading could not possibly be
18 cured by the allegation of other facts." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).
19 Rather than granting plaintiffs leave to amend, defendants urge the Court to dismiss plaintiffs'
20 claims with prejudice.

21 Defendants argue that even if plaintiffs had asserted a WPLA claim, it would be time
22 barred. This Court, exercising diversity jurisdiction, applies the state statute of limitations. <u>See,</u>
23 <u>e.g.</u>, <u>Bancorp Leasing & Fin. Corp. v. Augusta Aviation Corp.</u>, 813 F.2d 272, 274 (9th Cir.
24 1987). Under the WPLA, a plaintiff must bring a cause of action within three years from when
25 he or she discovered "the harm and its cause." RCW 7.72.060(3). This is not a latent injury
26 case. Plaintiff knew of the harm and its cause, heparin, by November 1, 2007 when she was

diagnosed with HIT. As defendant APP Pharmaceuticals, LLC notes, the name of the condition, heparin induced thrombocytopenia, leaves no doubt as to its cause. Nevertheless, plaintiff failed to file and serve her lawsuit within three years and ninety days after that date.[2] Based on those facts, defendants contend that all of plaintiffs' claim are barred.

In "ordinary" personal injury cases, "the general rule is that the cause of action 'accrues' at the time the act or omission occurs." White v. Johns-Manville Corp., 103 Wn.2d 344, 348 (1985). However, under the "discovery rule," the cause of action does not accrue until the "plaintiff knew or should have known all of the essential elements of the cause of action." Id. In Orear v. Int'l Paint Co., 59 Wn. App. 249, 255 (1990), the court held that "knowledge or imputed knowledge of a particular defendant's identity is necessary for the plaintiff's cause of action against that defendant to accrue." The court noted, "A person injured by a defective product simply cannot be said to have discovered the cause of injury in a legally enforceable sense until he or she discovers *who* manufactured or supplied the product or is otherwise responsible for the injury." Id. at 257 (emphasis in original). Although Orear involved a latent injury from asbestos, the court did not limit its holding to latent injury cases. Therefore, in this case, plaintiff's cause of action did not accrue until she knew "or with reasonable diligence should have known" that defendants may have been the responsible parties. Id. At this point, there is simply no evidence from which the Court can determine when plaintiff knew or should have known that these defendants may have been responsible for her injuries. For that reason,

---

[2] The three year statute of limitations is tolled if plaintiffs serve their complaint within 90 days after filing. RCW 4.16.170 (requiring that "one or more of the defendants . . . be served personally, or commence service by publication within ninety days from the date of filing of the complaint;" otherwise, "the action shall be deemed to have not commenced for the purposes of tolling the statute of limitations."). Undisputedly, plaintiffs did not serve the complaint on any defendant within ninety days of filing, so the three year statute of limitations was not tolled for an additional ninety days.

the Court will not find, at this point, that plaintiff's claims are time barred.[3] Therefore, the Court will grant plaintiffs leave to amend to specifically allege which defendant manufactured the product(s) that caused her injuries.

However, plaintiffs' claim for punitive damages cannot be saved by repleading because the WPLA does not provide for punitive damages. See, e.g., McKee v. AT&T Corp., 164 Wn.2d 372, 401 (2008) (explaining that punitive damages are not available unless specifically allowed by statute). Therefore, plaintiffs' claim for punitive damages is dismissed with prejudice.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendants' motions to dismiss (Dkt. #58, 70, 71, 73, 84, 85, 86, 94, 101, 114, and 136), dismisses plaintiffs' claim for punitive damages with prejudice, dismisses the other claims without prejudice, and grants plaintiffs leave to amend. Plaintiffs must file an amended complaint within thirty days of the date of this order.

DATED this 13th day of June, 2011.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

---

[3] Because the Court does not find that plaintiff's claims are time barred, it need not address her argument that the statute of limitations was tolled while she was allegedly incapacitated.

ORDER GRANTING MOTIONS TO
DISMISS WITH LEAVE TO AMEND - 7