UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAUREL McFARLAND, *et al.*,

    Plaintiffs,

v.

APP PHARMACEUTICALS, LLC, *et al.*,

    Defendants.

Case No. C10-1746RSL

ORDER DENYING DEFENDANT
APP PHARMACEUTICALS, LLC'S
MOTION FOR SUMMARY JUDGMENT

    This matter comes before the Court on "Defendant APP Pharmaceuticals, LLC's Motion for Summary Judgment Based on Lack of Product Identification by Plaintiffs" (Dkt. # 188). Defendant argues that Plaintiffs cannot exclude the possibility that Ms. McFarland received heparin doses manufactured by other entities and that it is therefore entitled to summary judgment. The Court disagrees. To survive summary judgment, Plaintiffs need only show that a triable issue exists as to whether they were harmed by Defendant's product. They easily meet that burden. The motion is DENIED.

## I. BACKGROUND

    In brief, this case concerns injuries sustained by Ms. McFarland after being admitted to Overlake Hospital Center on or around October 24, 2007. Dkt. ## 142, 185. Plaintiffs allege that these injuries were the result of the multiple doses of heparin she received during her stay.

ORDER DENYING DEFENDANT APP PHARMACEUTICALS,
LLC'S MOTION FOR SUMMARY JUDGMENT - 1

1  Dkt. # 185. They identify Defendants APP Pharmaceuticals LLC and Baxter Healthcare
2  Corporation as the manufacturers of those doses and seek to recover under the Washington
3  Product Liability Act ("WPLA"), RCW 7.72.010, and for common law loss of consortium.
4  Compare Amended Complaint (Dkt. # 143), with Dkt. # 185 (dismissing Plaintiffs' WPLA
5  warranty claim).

## II. DISCUSSION

Defendant's motion raises a single point: Defendant's belief that "Plaintiffs cannot show that an APP heparin product was ever dispensed or administered to Ms. Laurel McFarland, even after an extensive product identification discovery period." Mot. (Dkt. # 188) at 1. Noting that "Plaintiffs' 'showing of proximate cause must be based on more than mere conjecture or speculation,'" it argues that it is entitled to summary judgment. Id. at 3 (quoting Miller v. Likins, 109 Wn. App. 140, 143–45 (2001)). The Court disagrees. Plaintiffs' theory is supported by more than enough evidence to raise a triable issue as to whether Defendant's products contributed to her injuries. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

### A. Summary Judgment Standard

The Court may grant Defendant's motion only if it is satisfied that there is no genuine issue of material fact and that judgment is therefore appropriate as a matter of law. Fed. R. Civ. P. 56(c). As the moving party, Defendant bears the initial burden of informing the Court of the basis for summary judgment. Celotex, 477 U.S. at 323. It must prove each and every element of his claims or defenses such that "no reasonable jury could find otherwise." Eli Lilly & Co. v. Barr Labs., Inc., 251 F.3d 955, 962 (Fed. Cir. 2001). Only once it makes that initial showing does the burden shift to the nonmoving party to show by affidavits, depositions, answers to interrogatories, admissions, or other evidence that summary judgment is not warranted because a genuine issue of material fact exists. Id. at 324.

Notably, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (emphasis omitted). To be material, the fact must be one that bears on the outcome of the case. And a genuine issue exists only if the evidence is such that a reasonable trier of fact could resolve the dispute in favor of the nonmoving party. Id. at 249. "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." Id. at 249–50. In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 150 (2000).

**B.     Analysis**

The sum of Defendant's argument is that "while it is *possible* that APP heparin product no. 504011[1] was dispensed to Ms. McFarland, it is *impossible* to prove that APP heparin product no. 504011 was actually dispensed to Ms. McFarland." Mot. (Dkt. # 188) at 11 (emphasis in original).

To support this contention, Defendant points to the fact that the hospital's pharmacy director, Gordon Oakes, testified that he could not "say with certainty that the product that Laurel McFarland received is, in fact, the APP product," Dkt. # 189-1 at 59, and "that Overlake Hospital stocked 1000 units/ml, 10 ml vial heparin products from both Baxter and APP in 2007." Mot. (Dkt. # 188) at 13 (citing Dkt. # 189-1 at 115:12–18). It also relies on Oakes's statement that he "could not exclude the possibility that Overlake purchased 1,000 units per milliliter, 10 milliliter vials of heparin from another manufacturer other than Baxter and APP." See id.

As a threshold matter, the Court is not convinced that Defendant has met its initial burden. Celotex, 477 U.S. at 323. At best, Defendant has demonstrated only that there is still some room for argument that its products, rather than those of two other manufacturers, were dispensed to Ms. McFarland. But see Reeves, 530 U.S. at 150 ("the court must draw all

---

[1] The parties appear to agree that Defendant APP is alleged to have produced only the "1000 USP heparin units/ml in 10 ml vials" that were dispensed to Ms. McFarland.

ORDER DENYING DEFENDANT APP PHARMACEUTICALS,
LLC'S MOTION FOR SUMMARY JUDGMENT - 3

reasonable inferences in favor of the *nonmoving* party" (emphasis added)). And it does so only by relying on the most beneficial portions of Oakes' testimony, plucked from their context and divorced from Oakes's statements that he had not come across a single record that showed that the hospital had purchased the heparin vials in question from anyone other than Defendant APP. Dkt. # 189-1 at 115:6–11.

Moreover, even were the Court to conclude that Defendant has met its initial burden, it could not possibly conclude that Plaintiffs have not presented sufficient evidence to create a disputed issue of material fact. Plaintiffs point out that all of the records submitted by Defendant demonstrate that the hospital purchased "1000 units/mL 10 mL" heparin vials exclusively from APP during the time in question. See Dkt. # 189-5 at 2.[2] They assert that both Oakes and the records confirm that the hospital's recorded purchases of such vials from Baxter occurred after Ms. McFarland had been discharged. See id.; Dkt. # 189-1 at 66–67. And they note that Defendant's claim that Baxter's records reflect sales to the hospital ignores the fact that those sales were of 30 ml vials, not the 10 ml vials dispensed to Ms. McFarland. Opp. (Dkt. # 191) at 8–9. A jury could easily resolve these issues in Plaintiffs' favor.

Finally, the Court agrees with Plaintiffs that Defendant cannot be entitled to summary judgment on the mere possibility that records of other sales *might* exist. Id. at 12 n.6. Admittedly, records of multiple sales by other manufacturers would certainly bolster APP's defense. However, the Court does not believe that Plaintiffs bear any legal burden to combat evidence that Defendant has not yet shown to exist. Reeves, 530 U.S. at 150.

## III. CONCLUSION

In sum, the only evidence before the Court is more than sufficient to allow a reasonable juror to conclude by a preponderance of the evidence that the 1000 units/ml 10 ml heparin vials disbursed to Ms. McFarland were Defendant's. Were they to reach that conclusion, they could also reasonably determine that the products dispensed were administered as well.

---

[2] Exhibit 4 (Dkt. 189-4) is unintelligible and has therefore not been considered.

1   For all of the foregoing reasons, the Court DENIES Defendant's motion.

3   DATED this 7th day of February, 2012.

                                    *signature*
                                    Robert S. Lasnik
                                    United States District Judge

ORDER DENYING DEFENDANT APP PHARMACEUTICALS,
LLC'S MOTION FOR SUMMARY JUDGMENT - 5